of *Fontana Hollywood Corp.* v. *United States* (30 Cust. Ct. 98, C. D. 1503), the claim of the plaintiff was sustained.

**No. 57479.**—Joseph Victori & Co., Inc. *v.* United States, protest 205807–K (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel that the merchandise consists of grated coconut meat in sirup, in tins, similar in all material respects to that the subject of *Allied Food Corporation of America* v. *United States* (28 Cust. Ct. 222, C. D. 1412), the claim of the plaintiff was sustained.

**No. 57480.**—Ferry-Morse Seed Co. and Hoyt, Shepston & Sciaroni et al. *v.* United States, protests 203020–K, etc. (San Francisco).

Opinion by EKWALL, J. In accordance with stipulation of counsel that the merchandise consists of bird's-foot trefoil seed (*Lotus corniculatus*) similar in all material respects to that the subject of *Transcontinental Seed, Inc.* (*Alltransport, Incorporated*) v. *United States* (29 Cust. Ct. 163, C. D. 1462), the claim of the plaintiffs was sustained.

**No. 57481.**—The Berry Seed Co. *v.* United States, protest 204966–K (B) (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel that the merchandise consists of bird's-foot trefoil seed (*Lotus corniculatus*) similar in all material respects to that the subject of *Transcontinental Seed, Inc.* (*Alltransport, Incorporated*) v. *United States* (29 Cust. Ct. 163, C. D. 1462), the claim of the plaintiff was sustained.

**No. 57482.**—North Atlantic Seed Co., Inc. *v.* United States, protest 206696–K (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel that the merchandise consists of bird's-foot trefoil seed (*Lotus corniculatus*) similar in all material respects to that the subject of *Transcontinental Seed, Inc.* (*Alltransport,*

*Incorporated*) v. *United States* (29 Cust. Ct. 163, C. D. 1462), the claim of the plaintiff was sustained.

**No. 57483.**—Security Warehouse Company and Security Liquor Company *v.* United States, protests 111656–K and 113215–K (St. Louis).

Opinion by JOHNSON, J. For the reasons stated in *Austin, Nichols & Co., Inc.* v. *United States* (22 Cust. Ct. 33, C. D. 1155), the claim of the plaintiffs was sustained.

**No. 57484.**—John Ambriola & Co., Inc., et al. *v.* United States, protests 202217–K, etc. (New York).

Opinion by JOHNSON, J. At the trial it was stipulated that the facts and issues herein are similar in all material respects to those involved in *United States* v. *Browne Vintners Co., Inc.* (34 C. C. P. A. 112, C. A. D. 351) and that the quantities reported by the inspector as manifested, not found, or not landed, not found, were not in fact received by the importers. In accordance with stipulation of counsel and following the decision cited it was held that duty and internal revenue tax are not assessable upon such portions of the merchandise as were reported by the inspector as manifested, not found, or not landed, not found. The protests were sustained to this extent.

BEFORE THE THIRD DIVISION, SEPTEMBER 23, 1953

**No. 57485.**—William H. Emig and Mechutan Fur Corp. *v.* United States, protests 110759–K and 120975–K (New York).

Opinion by EKWALL, J. It was stipulated that the merchandise consists of platinum fox fur skins, undressed, similar in all material respects to those the subject of *United States* v. *O. Brager-Larsen* (36 C. C. P. A. 1, C. A. D. 388). The claim for free entry under paragraph 1681 was therefore sustained.

**No. 57486.**—Ignaz Strauss & Co., Inc. *v.* United States, protests 156115–K, etc. (New York).

Opinion by EKWALL, J. It was stipulated that the articles in question consist of silent butlers, smoothing irons, and various other trays, the composition of which is the same in all material respects as the merchandise involved in *Ignaz Strauss & Co., Inc.* v. *United States* (9 Cust. Ct. 342, C. D. 710), *The Fan Co.* v. *United States* (25 Cust. Ct. 42, C. D. 1261), and *Ignaz Strauss & Co., Inc.* v. *United States* (28 Cust. Ct. 280, C. D. 1423). In accordance with stipulation of counsel